RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/11/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DEMARCO D. HAWKINS (#374720)     DOCKET NO. 1:10-cv-1446; SEC.P

VERSUS     JUDGE DEE D. DRELL

WARDEN, ALLEN CORRECTIONAL CENTER     MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

*Pro se* petitioner Demarco D. Hawkins filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on September 20, 2010. His motion for leave to proceed in forma pauperis was granted on November 22, 2010. Petitioner was ordered to amend his complaint, and his amended complaint was filed into the record on January 31, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Petitioner attacks his 2005 convictions of burglary of an inhabited dwelling and theft of firearms.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background*

According to State v. Hawkins, 956 So.2d 146, 2006-1599 (La.App. 3 Cir. 05/02/07) and Petitioner's exhibits herein, the homes of Ronnie and Johnnie Hendricks and Ronnie Carroll were broken into on June 9, 2004, and numerous items were taken from the homes. During the investigation of the crimes, an undercover

confidential informant purchased a gun from Petitioner, Demarco Hawkins, that had been taken from the Hendricks' home. A search warrant was issued to search Petitioner's home, and several items from the burglaries were found in the home. Petitioner was subsequently arrested, and charged. He was convicted, *pursuant to a guilty plea,* of two counts of simple burglary of an inhabited dwelling in violation of Louisiana Revised Statute 14:62.2 and seventeen counts of theft of firearms, in violation of Louisiana Revised Statute 14:67.15.

Petitioner was sentenced to twelve years at hard labor on each count of simple burglary of an inhabited dwelling, the sentences to run concurrently to one another and the first year to be served without benefit of probation, parole or suspension of sentence, and ten years at hard labor on each count of theft of a firearm, the sentences to run concurrently to one another, but consecutively to the sentences for simple burglary of an inhabited dwelling.

Petitioner lodged an appeal arguing that the trial court erred in ordering consecutive sentences and that the consecutive sentences were excessive. See State v. Hawkins, supra. The Louisiana Court of Appeals held that the trial court articulated a particular justification for imposing consecutive sentences, and the consecutive sentences were not excessive. Id. Thereafter, Petitioner applied for a writ of certiorari and/or review in the Louisiana Supreme Court. His application was denied. State v.

2

Hawkins, 969 So.2d 627 (La. 12/07/07).

Petitioner filed an application for post conviction relief in the Seventh Judicial District Court on or around September 22, 2008, claiming that his convictions violated his constitutional protection against double jeopardy. The application was denied on October 29, 2008. He sought writs in the Third Circuit Court of Appeal on January 12, 2009. On June 2, 2009, the Third Circuit denied Petitioner's writ stating, "There is no error in the trial court's denial of Relator's application for post-conviction relief." [Doc. #11, p.3] Petitioner then sought supervisory and/or remedial writs in the Louisiana Supreme Court on or around July 6, 2009. That, too, was denied on April 30, 2010.

On September 20, 2010, Petitioner filed the above-captioned matter alleging that his convictions of theft of a firearm and burglary of an inhabited dwelling violated his constitutional protection against double jeopardy.

### *Law and Analysis*

### *1. Rule 4 Considerations*

Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts provides for prompt review and examination of habeas petitions by the court and further states, "If it plainly appears from the face of the petition and any exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner.[1] The instant petition for habeas corpus is one such petition that should be dismissed pursuant to Rule 4 for the reasons that follow.

## 2. *Double Jeopardy*

Petitioner argued the instant double jeopardy claim in his Application for Post-Conviction Relief. [Doc. #11] The District Court considered the merits of the claim and rejected it, as did the Third Circuit and the Louisiana Supreme Court.[2] Therefore this Court must utilize the deferential standard for review as set forth in 28 U.S.C. § 2254(d)(1) and (2). Under these provisions, habeas relief is not available to a state prisoner on a claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are

---

[1] http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/2254_2255_Rules.pdf

[2] The Third Circuit found no error in the District Court's ruling; the Supreme Court denied writs without comment. Nevertheless, when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion. Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

reviewed under §2254(d)(1), while pure questions of fact are reviewed under §2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000), cert. denied, 532 U.S. 1039 (2001). The state court's decision is contrary to federal law within the meaning of §2254(d)(1) if the state court applies a rule contradicting the governing law set forth in the Supreme Court's cases, or the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's factual findings constitute "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. The inquiry into the issue of "unreasonableness" is objective. Id. at 409-10. A state court's incorrect application of clearly established Supreme Court precedent is not enough to warrant federal habeas relief – the application must also be unreasonable. Id. at 410-12.

The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). Moreover, in this case, Plaintiff does not dispute those factual findings. The facts alleged by the Plaintiff in this case are accepted as true. Thus, Plaintiff can only succeed if the state court adjudication resulted in a decision that

5

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." Oregon v. Kennedy, 456 U.S. 667, 671 (1982)(footnote omitted). According to Petitioner, he was "charged for the burglary of Mr. Ronnie Hendrick's home and the commission of the underlying seventeen counts of theft of the firearms from the same home during the burglary.... the charge of simple burglary of an inhabited dwelling... was based upon the underlying charges of seventeen counts of theft of a firearm. Thus, the seventeen counts of theft of a firearm and the simple burglary of an inhabited dwelling are indeed the same offense." [Doc. #11, p.12] Plaintiff argues that, as to the home of Mr. Ronnie Hendrick, he should have been charged with either burglary OR theft, but not both. [Doc. #1, p.6]

According to the United States Supreme Court decision in Blockburger v. United States, 284 U.S. 299, 304 (1932), if each offense contains an element not contained in the other, they are not considered the same offense and are not barred under the Double Jeopardy Clause. See id. at 304. Under Louisiana law, "Simple burglary of an inhabited dwelling", La.R.S. 14:62.2, is the unauthorized entry of any inhabited dwelling, house, apartment or

6

other structure used in whole or in part as a home or place of abode by a person or persons **with the intent** to commit a felony or any theft therein. "Theft of a firearm" is the misappropriation or taking of a firearm which belongs to another, either without the consent of the other to the misappropriation or taking or by means of fraudulent conduct, practices, or representations. La.R.S. 14:37.15.

The crimes of simple burglary of an inhabited dwelling and of theft of a firearm thus require proof of different elements and do not constitute one offense for double jeopardy purposes. Petitioner completed the burglary when he entered the home with the **intent** to commit a felony or theft. He committed a second crime, the theft, when he actually **took** the firearms. As such, there is no double jeopardy issue under the Blockburger test.

Likewise, even applying a second test enumerated by the Louisiana Supreme Court in State v. Miller, 571 So.2d 603 (La. 1990), there is no double jeopardy issue. The "same evidence" test set forth in Miller requires that if the evidence required to support one of the charged offenses would have been sufficient to support the other charged offense, then double jeopardy prohibits the State from charging the defendant with both offenses. This test is determined by the evidence required to convict, not the evidence actually presented at trial. Miller, 571 So.2d at 606. In this case the evidence to convict on the simple burglary charge

would not have been sufficient to also find the defendant guilty of theft.  As stated above, once Petitioner entered the home without authorization and with the *intent* to commit a felony or theft, the simple burglary was completed.  The evidence established up to this point would not sustain a conviction on theft of firearms, since no firearm had been taken up to that point.  The actually taking of the firearms is necessary for the theft conviction.  Based on the fact that both simple burglary of an inhabited dwelling and theft of firearms have different elements, there is no double jeopardy violation.

It is obvious that state court adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law.

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED WITH PREJUDICE** in accordance with the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk**

of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 10th day of March, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE